IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

Dorothy Marker, Robert Kotek, and Betty Miller,
individually and on behalf and all others similarly situated,

    Plaintiffs,

v.

VHS of Illinois, Inc. d/b/a MacNeal Hospital,

    Defendant.

_____/

18-cv-3578

CLASS ACTION

**DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION**

Defendant VHS of Illinois, Inc. ("VHS"), pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby gives notice of the removal of this action from the Circuit Court of Cook County, Illinois, Chancery Division, to the United States District Court for the Northern District of Illinois. The grounds for removal are as follows:

**I.    The State Court Action**

1.    On or about April 19, 2018, Plaintiffs Dorothy Marker, Robert Kotek and Betty Miller ("Plaintiffs") filed a putative class action against VHS in the Circuit Court of Cook County, Illinois, County Department, Chancery Division, under Case No. 2018-CH-05086 (the "State Court Action").

2.    Plaintiffs' Complaint (the "Complaint" or "Compl.") is brought against VHS on behalf of "All residents who reside in the State of Illinois who were patients at VHS of Illinois, Inc. d/b/a/ MacNeal Hospital from April 13, 2013 through February 28, 2017, whose personal information was accessed by Erik Albavera," exclusive of VHS officers, directors and

1

employees, Plaintiffs' counsel and members of their immediate families, and the trial judge presiding over this action (the "Putative Class"). Compl. ¶ 39.

3. The Complaint brings causes of action on behalf of the Plaintiffs and the Putative Class for Violation of the Illinois Personal Information Protection Act (Count I), Violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (Count II) (the "ICFA"), Negligent Supervision (Count III), Breach of Fiduciary Duty (Count IV), Breach of Implied Contract (Count V), and Intentional Infliction of Emotional Distress (Count VI).

4. VHS has not yet filed an answer or otherwise responded to the Complaint in the State Court Action.

## II.    Removal is Proper Based on Diversity Jurisdiction

5. The State Court Action may be removed to this Court because it involves a controversy wholly between citizens of different states, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Therefore, this is a civil action in which the district courts of the United States have original diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), and is one which may be removed to this Court pursuant to 28 U.S.C. 1441(a) and (b).

### A.    There is Complete Diversity of Citizenship Between the Parties

6. The Complaint alleges that each of the Plaintiffs in this action are citizens of the State of Illinois. Compl. ¶¶ 3-5. Although the Complaint is also brought on behalf of a putative class of individuals who may be citizens of other states, "the citizenship requirement for purposes of diversity jurisdiction in a class action hinges entirely on the citizenship of the named plaintiffs." *Tropp v. Western-Southern Life Ins. Co.*, 381 F. 3d 591, 595 (7th Cir. 2004).

7. VHS is incorporated in the State of Delaware and currently has its principal place of business in the State of Texas. *See* Affidavit of Douglas Rabe, attached as Ex. A ("Rabe

2

Aff."), ¶ 3. Although the Complaint alleges that VHS's principal place of business is located at the address of MacNeal Hospital in Berwyn, Illinois, Gottlieb Community Health Services Corporation ("Gottlieb") acquired MacNeal Hospital in March of 2018. *Id.* ¶ 5. Following the sale to Gottlieb—which *pre-dated* the filing of the State Court Action—VHS ceased its involvement in the direction and operation of MacNeal Hospital. *Id.* ¶ 6. Moreover, at the time the State Court Action was filed, VHS did not have *any* directors or officers located in Illinois. *Id.* ¶ 7. Rather, at that time, all officers and directors who control the operations of VHS were located in the States of Texas, Tennessee and Michigan. *Id.* Currently, all officers and directors who control the operations of VHS continue to be located in the States of Texas, Tennessee and Michigan. *Id.* ¶ 8.

8. It is well-settled that the principal place of business is "the place where the corporation's high-level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 81 (2010). Accordingly, there can be no dispute that VHS's principal place of business was not located in the State of Illinois at the time the State Court Action was filed.

9. The existence of federal jurisdiction "depends on the facts as they exist when the complaint is filed." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 830 (1989). Thus, for purposes of determining diversity jurisdiction, "[i]t is the domicile at the time suit is filed which controls." *Wire v. Hussman*, 2004 U.S. Dist. Lexis 5422, at *7 (N.D. Ill. Mar. 30, 2004) (noting that the citizenship of the parties at the time of the events giving rise to the suit "is irrelevant"). As described above, at the time the State Court Action was filed, VHS's place of incorporation was Delaware and its principal place of business was in Texas. Accordingly, at that time, VHS was not a citizen of Illinois. *See* U.S.C. § 1332(c)(1) (a corporation is deemed to

3

be a citizen of the State in "which it has been incorporated and of the State where it has its principal place of business."). Because Plaintiffs are all citizens of Illinois, there is complete diversity of citizenship between the relevant parties to this action.

### B. The Amount in Controversy Exceeds $75,000

10. The Plaintiffs in this action have each placed more than $75,000 in controversy, exclusive of interests and costs. Notably, although the action is brought as a putative class action, "[o]nce one plaintiff satisfies the amount-in-controversy requirement for diversity jurisdiction, the other plaintiffs come in under the court's supplemental jurisdiction regardless of whether their individual claims satisfy the requirements of §1332." *Oshana v. Coca-Cola Co.*, 472 F. 3d 506, 511 (7th Cir. 2006); *see also Karpowicz v. GMC*, 1997 U.S. Dist. Lexis 3962, at * 11 (N.D. Ill Mar. 27, 1997) ("[I]t is sufficient for jurisdictional purposes if the class representative meets the jurisdictional amount; the claims of the non-representative class members may fail to meet the jurisdictional amount while still falling within the court's supplemental jurisdiction"). Thus, the jurisdictional minimum is satisfied so long as one Plaintiff places in controversy an amount in excess of $75,000—irrespective of the amounts sought by other Plaintiffs or putative class members.

11. The Complaint alleges that Albavera burglarized the home of each Plaintiff and that each Plaintiff incurred "actual damages including but not limited to damage to property, theft of property, time and effort spent on post-burglary clean-up, emotional harm and increased risk of identity theft." Compl. ¶¶ 28-31. In addition, the Complaint contends that "Plaintiffs suffered severe and extreme emotional distress, mental anguish, and anxiety." *Id*. ¶ 134. Further, the Complaint contends that VHS "must disgorge the compensation it received from, or on behalf of, Plaintiffs and Class Members while it was in breach of its fiduciary duties." Compl. ¶ 118.

Although the Complaint does not value these claims, "[i]n such a case, a good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." *Oshana*, 472 F. 3d at 511.

12. As discussed in the Affidavit of Douglas Rabe, VHS received compensation from and/or on behalf of each Plaintiff in connection with the hospital admissions described in the Complaint. Rabe Aff. ¶¶ 9. Coupling this with the other alleged actual damages—*e.g.*, property theft, damage to property, and "severe and extreme" emotion distress—it is more than plausible that the actual damages exceed $75,000 per Plaintiff. *See Brill v. Countrywide Home Loans, Inc.*, 427 F. 3d 446 (7th Cir. 2005) ("Once the proponent of jurisdiction has set out the amount in controversy, only a 'legal certainty' that the judgment will be less forecloses federal jurisdiction.")

13. In addition to the aforementioned relief, the Complaint also seeks punitive damages. *E.g.*, Compl. ¶¶ 96(b); 106(b); 118(b). The Seventh Circuit has held that where punitive damages are recoverable as a matter of state law, a punitive damages recovery "must be considered to the extent claimed in determining the jurisdictional amount." *Anthony v. Security Pac. Fin. Servs.*, 75 F. 3d 311, 315 (7th Cir. 1996); *see also Casey*-Beich v. UPS, 295 Fed. App'x 92, 94 (7th Cir. 2008) ("punitive damages can satisfy the minimum amount in controversy required for diversity jurisdiction if they are recoverable under state law"). Indeed, where punitive damages are recoverable, "the court has subject matter jurisdiction unless it is clear beyond a *legal certainty* that the plaintiff would under no circumstances be entitled to recover the jurisdictional amount." *Anthony*, 75 F. 3d at 315 (emphasis added). Here, Plaintiffs' claims for violation of the ICFA, for breach of fiduciary duty, and for negligent supervision all permit an award of punitive damages—particularly because the Complaint describes VHS's alleged

conduct as "reckless[]… fraudulent, malicious, willful, and [] wanton" (Compl. ¶¶ 92-93; *see also id.* ¶ 106; 133). *See* 815 ILCS 505/10a(a) (ICFA); *Franz v. Calaco Development Corp.*, 352 Ill. App. 3d 1129 (2004) (breach of fiduciary duty); *Doe v. Catholic Bishop of Chicago*, 82 N.E. 3d 1229, 1232 (Ill. App. Ct. 2017) (negligent supervision). Thus, the alleged punitive damages recovery must be considered in determining whether the jurisdictional amount is met. The Seventh Circuit has held that a "4-to-1 ratio" of punitive to compensatory damages is appropriate when determining if the jurisdictional minimum is satisfied. *LM Ins. Corp. v. Spaulding Enterprises Inc.*, 533 F. 3d 542, 551 (7th Cir. 2008).

14. Coupling the permissible punitive damages amount with the actual damages sought in the Complaint, it certainly cannot be said "beyond a legal certainty that [Plaintiffs] would under no circumstances be entitled to recover the jurisdictional amount." *Anthony*, 75 F. 3d at 315. On the contrary, the actual and punitive damages sought in the Complaint far exceed the jurisdictional minimum necessary to establish diversity jurisdiction.[1]

### III. Removal is Proper Based on CAFA Jurisdiction

15. The State Court Action may also be removed to this Court because the parties are minimally diverse, there are over 100 putative class members, and the claims of the individual class members exceed the sum of $5,000,000 in the aggregate, exclusive of interest and costs. Therefore, this is a civil action in which the district courts of the United States have original jurisdiction under the Class Action Fairness Act ("CAFA") pursuant to 28 U.S.C. § 1332(d)(2), and is one which may be removed to this Court pursuant to 28 U.S.C. 1441(a). *See Dart*

---

[1] While the amount in dispute exceeds $75,000, VHS certainly contests that it is liable to Plaintiffs for that amount. As the court in *Liqui-Green Lawn Care v. S.C. Johnson & Son, Inc.,* observed: "Every defendant always remains free to contest any liability on the merits while admitting to *potential* liability to the extent necessary to establish diversity jurisdiction." 1992 U.S. Dist. Lexis 7227, at * 7 (N.D. Ill. May 12, 1992) (emphasis in original).

*Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 552 (2014) (identifying requirements for CAFA jurisdiction).

16. As discussed above, there is complete diversity of citizenship between Plaintiffs and VHS. As such, the minimal diversity requirement under CAFA is readily satisfied.

17. In addition, as made clear in the Affidavit of Douglas Rabe, there are well over 100 members of the Putative Class. *See* Rabe Aff. ¶ 10.

18. Finally, considering (a) the potential size of the Putative Class, (b) the Complaint's demand for disgorgement of all compensation provided to VHS by and/or on behalf of the Putative Class (along with other unidentified "actual damages"), and (c) the Complaint's demand for punitive damages on behalf of the Putative Class, it is more than plausible that the aggregate claims of the Putative Class exceed the sum of $5,000,000. *See Spivey v. Vertrue, Inc.*, 528 F. 3d 982, 986 (7th Cir. 2008) (holding that "[o]nce the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5 million, then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much" and reversing lower court decision that remanded based on uncertainty as to what the judgment would be because "[u]ncertainty differs from impossibility").

### IV. VHS Has Complied With 28 U.S.C. § 1446

19. True and correct copies of all materials listed in 28 U.S.C. 1446(a), including the Complaint and the summons received by VHS, are attached hereto as Composite Exhibit B.

20. Pursuant to 28 U.S.C. § 1446(d), VHS will promptly serve written notice of this Notice of Removal on Plaintiffs' counsel and to the Clerk of the Circuit Court of Cook County, Illinois.

21. VHS was served with the summons and Complaint on April 23, 2018. Accordingly, VHS's removal of this action is timely under 28 U.S.C. § 1446(b) as it has been filed within 30 days of service of the initial pleading setting forth the claim for relief.

22. VHS is the sole defendant named in this action, and therefore all defendants are joined in, and consent to, this Notice of Removal.

WHEREFORE, VHS respectfully gives notice that the above-entitled action now pending against it in the Circuit Court of Cook County, Illinois, Chancery Division, is removed to this Court and respectfully requests this Court to assume full jurisdiction over the cause herein, as provided by law, and to issue all necessary orders and process.

Dated: May 21, 2018

Respectfully Submitted,

By: /s/ Eric L. Samore
Attorney for Defendant

Eric L. Samore ARDC # 6181345
John C. Ochoa ARDC # 6302680
SMITHAMUNDSEN LLC
150 N. Michigan Avenue, Suite 3300
Chicago, Illinois 60601
(312) 894-3200
esamore@salawus.com
jochoa@salawus.com

Martin B. Goldberg (Fla Bar No.0827029)
mgoldberg@lashgoldberg.com
(*pro hac* to be submitted)
Erica Rutner (Fla. Bar No. 0070510)
erutner@lashgoldberg.com
(*pro hac* to be submitted)
**LASH & GOLDBERG LLP**

8

100 Southeast 2nd Street, Suite 1200
Miami, FL 33131
Telephone: (305) 347-4040
Fax: (305) 347-4050

*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 21, 2018, a true and correct copy of the foregoing was served via email and First Class U.S. Mail upon all counsel listed on the attached service list.

        By: /s/ Eric L. Samore
        Attorney for Defendant

        Eric L. Samore ARDC # 6181345
        John C. Ochoa ARDC # 6302680
        SMITHAMUNDSEN LLC
        150 N. Michigan Avenue, Suite 3300
        Chicago, Illinois 60601
        (312) 894-3200
        esamore@salawus.com
        jochoa@salawus.com

        *Counsel for Defendant*

## SERVICE LIST
*Dorothy Marker, et al. v. VHS of Illinois, Inc. d/b/a MacNeal Hospital*

**Attorney for Plaintiffs**
Karl Leinberger
Markoff Leinberger LLC
134 N. LaSalle Street Suite 1050
Chicago, Illinois 60602
Karl@markleinlaw.com